

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00283-CR

_____

TOMMY BAKER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1846923

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

A jury convicted Appellant Tommy Baker of possessing, with the intent to deliver, more than 4 grams but less than 200 grams of a controlled substance, namely methamphetamine. *See* Tex. Health & Safety Code § 481.112(a), (d). On appeal, Baker argues in a single issue that the trial court erred by failing to include an Article 38.23 instruction in the jury charge. *See* Tex. Code Crim. Proc. art. 38.23(a). We affirm.

## I. BACKGROUND

In October 2024, plainclothes narcotics officers were surveilling the area around the Relax Inn in west Fort Worth, a known "hot spot" for drug activity. One of the surveilling officers, Officer Steven Smith, positioned his vehicle next to a nearby convenience store so that he had a view of a fenceline bordering a driveway to the motel.

From this vantage point, Officer Smith observed Baker driving a moped along the driveway into the motel parking lot. Roughly a minute later, Baker returned along the driveway in the opposite direction and stopped "about halfway." Officer Smith then saw two men and a woman approach Baker on the moped. Given the short time that Baker had been at the motel and the fact that the three individuals "immediately gravitated" towards him, Officer Smith began paying close attention to the situation because the parties' behavior was "consistent with drug dealing."

Because Officer Smith's view was partially obstructed by a double-panel, slatted fence, he positioned himself at an angle to give himself a clear view of Baker. Thus, while he could see Baker clearly, his view of the other individuals was sometimes obscured.

After a short period of time, Officer Smith saw Baker hand a clear plastic baggie containing what appeared to be blue pills to one of the two men. Given the color of the pills, the use of the plastic baggie, and the location, Officer Smith suspected that Baker was selling fentanyl. Officer Smith then saw Baker place something in the woman's extended hand before leaving with her on the back of his moped.

As all this was happening, Officer Smith was communicating with other officers over the radio, and they formulated a plan of action. It was decided that Officer Daniel Villeneuve and Sergeant Chavez[1] would follow Baker and the woman, and two other officers would follow the two men, who had left on foot.

Officer Villeneuve observed Baker drop the woman off at a nearby apartment complex before parking his moped at a different apartment complex. Officer Villeneuve then approached Baker and detained him. Baker admitted that he had a meth pipe and showed both the pipe and a bag of methamphetamine to Officer Villeneuve. Officer Villeneuve then placed Baker under arrest, and Sergeant Chavez

---

[1]Sergeant Chavez's first name does not appear in the record.

searched the backpack that Baker had taken with him on his moped. Inside the backpack, Sergeant Chavez found a case containing a digital scale, a larger bag of methamphetamine, marijuana, and white pills that were later determined to be hydrocodone. The methamphetamine weighed 23 grams, which, according to Officers Smith and Villeneuve, is a "dealer amount," not a "user amount."

Baker was indicted for possessing, with the intent to deliver, more than 4 grams but less than 200 grams of methamphetamine.[2] He pleaded not guilty, and a jury trial was held.

At trial, Baker called his friend Shannon McNeil as a witness. McNeil testified that earlier that day she had gone to the convenience-store parking lot where Officer Smith had been parked when he observed the apparent drug transaction involving Baker and the three other individuals at the Relax Inn. She took photographs and a video purporting to show what Officer Smith would have been able to see from that vantage point. She testified that she saw a man walking down the motel driveway and that she lost sight of him once he was "in the middle" of the driveway because the fence obstructed her view.

---

[2]The indictment also charged Baker with actually delivering—not merely possessing with the intent to deliver—methamphetamine and fentanyl. *See* Tex. Health & Safety Code § 481.112(a). But the State waived these additional charges before jury selection.

After considering all the evidence, the jury found Baker guilty, found the indictment's habitual-offender notice to be true, and assessed his punishment at 25 years in prison. This appeal followed.

## II. DISCUSSION

In his sole appellate issue, Baker contends that the trial court erred by failing to include an Article 38.23 instruction in the jury charge. *See* Tex. Code Crim. Proc. art. 38.23(a). We disagree.

### A. Applicable Law and Standard of Review

Article 38.23(a) provides that no evidence obtained by an officer or other person in violation of the laws or constitutions of Texas or the United States shall be admitted into evidence against the accused on the trial of any criminal case. *Id.* When there is an issue as to whether evidence was obtained by such a violation, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained by such a violation, then it shall disregard any such evidence. *Id.* A defendant's right to the submission of a jury instruction under Article 38.23(a) is limited to disputed issues of fact that are material to the defendant's claim of a constitutional or statutory violation that would render evidence inadmissible. *Madden v. State*, 242 S.W.3d 504, 509–10 (Tex. Crim. App. 2007).

To be entitled to an Article 38.23 instruction, a defendant must show that (1) the evidence heard by the jury raised an issue of fact, (2) the fact was contested by affirmative evidence at trial, and (3) the fact is material to the lawfulness of the

challenged conduct in obtaining the evidence. *Id.* at 510. When these elements are not met, a trial court is not required to include an Article 38.23 instruction. *Id.*; *see Shpikula v. State*, 68 S.W.3d 212, 217 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (holding trial court did not err by refusing Article 38.23 instruction when defendant did not present affirmative evidence raising an issue of material fact).

We review a trial court's refusal to include a requested instruction in the jury charge for an abuse of discretion. *See Steele v. State*, 490 S.W.3d 117, 130 (Tex. App.—Houston [1st Dist.] 2016, no pet.). A trial court abuses its discretion only if its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

## B. The Requested Article 38.23 Instruction

At the charge conference, Baker requested that the following instruction be included in the jury charge:

> If you do not believe or have a reasonable doubt thereof that Officer Smith's testimony in testifying that he saw a hand-to-hand transfer of what he believed to be narcotics on the other side of the fence between the defendant and another person from where he observed it, you must not consider any evidence seized as a result of the search that was undertaken as a result of Officer Smith's statements about what he observed.

When the trial court asked Baker to identify the material fact that, if resolved in his favor, would result in the suppression of evidence and to specify the particular evidence that would be suppressed, he responded,

6

The fact that Officer Smith said that he saw a hand-to-hand transfer of what he believed to be narcotics that was on the other side of the fence, which led to the reasonable suspicion that caused Officer Villeneuve to approach Mr. Baker, . . . if they have a reasonable doubt as to the veracity -- the accuracy of his observation, I believe that that would require this charge to be given because there is a fact[-]issue question.

The State responded that Baker had not presented any affirmative evidence contesting what Officer Smith had seen on the day of the arrest and pointed out that McNeil's testimony concerned only her observations from her vantage point on a different day. According to the State, because there was no contested fact issue for the jury to resolve, the requested Article 38.23 instruction was inappropriate.

The trial court agreed with the State and denied the requested instruction.

## C. Analysis

Having reviewed the record, we conclude that there was no dispute in the evidence that required an Article 38.23 instruction. For a defendant to be entitled to such an instruction, "[t]here must be an affirmative contest—i.e.[,] conflicting testimony or self-contradictory testimony—regarding a historical[-]fact question, not merely a question of credibility." *Perez v. State*, No. 03-12-00041-CR, 2013 WL 4822915, at *4 (Tex. App.—Austin Aug. 29, 2013, no pet.) (mem. op., not designated for publication) (citing *Madden*, 242 S.W.3d at 513–14). Here, the evidence presented no such affirmatively contested historical-fact question.

As the State points out, there was only one witness who testified as to what Officer Smith saw on the day that Baker was arrested: Officer Smith himself. Officer

7

Smith acknowledged that his line of sight had been partially obscured by the fence and testified that he had maneuvered himself so that he could clearly see Baker during his interactions with the three individuals who had approached him in the motel driveway. McNeil's testimony about what she could see from her vantage point on a different day does not affirmatively contradict Officer Smith's testimony about what he saw on the day of the arrest.[3] Accordingly, the trial court did not abuse its discretion by refusing the requested Article 38.23 instruction. *Cf. Bendy v. State*, No. 12-21-00073-CR, 2022 WL 869131, at *4 (Tex. App.—Tyler Mar. 23, 2022, no pet.) (mem. op., not designated for publication) (holding that trial court had not erred by refusing Article 38.23 instruction because appellant's girlfriend's "testimony that she 'didn't see' . . . alcohol in the [appellant's] car d[id] not affirmatively contradict [the police officer's] testimony that he did"); *Jones v. State*, 338 S.W.3d 725, 740 (Tex. App.—Houston [1st Dist.] 2011) (op. on reh'g) (holding that trial court had not erred by refusing Article 38.23 instruction because police officer's testimony about one controlled cocaine buy was "not necessarily inconsistent" with second officer's testimony "that he [had] observed two different controlled buys involving two

---

[3]As the State pointed out during the charge conference, the record does not indicate what Officer's Smith's exact position was on the day of the arrest or how it compares to the position from which McNeil made her observations. Further, nothing in the record suggests that McNeil attempted to change her angle to permit a better view of the motel driveway as Officer Smith testified that he did.

different informants on two different days"), *aff'd*, 364 S.W.3d 854 (Tex. Crim. App. 2012).

We overrule Baker's sole issue.

### III.  CONCLUSION

Having overruled Baker's sole issue, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 11, 2026

9